FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 09, 2021

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 4:21-CR-06004-SMJ-1 |
| Plaintiff, | ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING |
| vs. | |
| ARTURO TEJEDA-GOMEZ, | **ECF No. 87** |
| Defendant. | |

On November 4, 2021, the Court conducted a continuation of a hearing on Defendant's Motion to Reopen Detention Hearing (ECF No. 87). With Defendant's consent, Defendant appeared by video from Benton County Jail and was represented by Kenneth Therrien. Assistant United States Attorney Benjamin Seal represented the United States.

The Court has considered the additional information and has evaluated the four factors outlined in 18 U.S.C. § 3142(g) to decide whether there are conditions of release that would reasonably assure Defendant's appearance in court and the safety of the community: (1) the nature and circumstances of the offense; (2) the

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING - 1

weight of evidence against Defendant; (3) the history and characteristics of Defendant; and (4) the nature and seriousness of the danger Defendant would present to the community if released. The Court finds that these factors, as set forth orally by the Court, weigh in favor of Defendant's continued detention.

Due to the nature of the charges, there is a rebuttable presumption of detention in this case. Defendant is charged with conspiracy to distribute 400 grams or more of a mixture containing fentanyl and distribution of 40 grams or more of fentanyl.

The weight of the evidence is the least important factor and Defendant is entitled to a presumption of innocence.

Turning to Defendant's history and characteristics, Defendant is 45 years old, was born in Othello, Washington, and has resided in the District for the majority of his life. Defendant's mother is deceased and his father is currently incarcerated in Mexico for kidnapping. Defendant's sister is currently facing federal charges for conspiracy to distribute fentanyl in this district. *See United States v. Carina Tejeda*, 4:20-CR-06030-SMJ-3; ECF No. 4. Defendant been married for approximately 20 years and has two adult children and one minor child. If he were to be released, Defendant had proposed he would live with his wife at their home in Pasco, Washington, where they have lived for the past

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING - 2

approximately 10 years. Defendant has offered this property in support of a financial bond.

Defendant has substantial contacts in Mexico. His brother, who the United States proffers was involved in the underlying drug offense, is currently a fugitive in Mexico. ECF No. 25 at 2. Defendant has another brother who is currently incarcerated in Texas on a drug conviction. ECF No. 25 at 2. Defendant's cousin, who is currently facing federal charges for conspiracy and distribution of fentanyl in this district, fled to Mexico while on pretrial release subject to a $50,000 bond. *See United States v. Morfin Mendoza*, 4:18-CR-06028-EFS-2; ECF Nos. 1, 70, 75, 137, 156. Moreover, the Court has now had the opportunity to review the presentence investigation report from his prior drug trafficking conviction, which indicates that offense had substantial ties to Mexico. Given his ties to Mexico and his family members' successful flight to Mexico to avoid facing drug trafficking charges in the United States, the Court finds the risk of nonappearance cannot be mitigated by a bond.

The Court has concerns about dangerousness given Defendant's serious criminal history. The Court has considered the presentence investigation report from a 2005 criminal case against Defendant arising out of Texas (ECF No. 89-1), which was not previously available to the Court. According to this report, Defendant was arrested in 1996 coming across the border in a vehicle with 44.5

pounds of marijuana in a hidden compartment. No charges against Defendant resulted from this arrest. However, four years later in 2000 Defendant was again arrested and federally charged in the Southern District of Texas for a significant drug trafficking operation which involved importing drugs from Mexico and transporting cash back to Mexico using numerous cars with hidden compartments. Defendant pled guilty and was sentenced to 108 months in prison. This history and its substantial similarity to the current charged offense creates concern about Defendant's risk of dangerousness if he were to be released.

      The Court has considered Defendant's proposed financial bond. From the Court's perspective, a financial bond does not give the Court assurance that Defendant would appear in court as required. Of particular concern to the Court is the risk of flight to Mexico considering Defendant has family members who have successfully fled to Mexico, including one cousin who successfully fled despite the imposition of a $50,000 bond. Here, the Court has additional concerns because the property offered in support of the financial bond is associated with Defendant's wife. According to the presentence investigation report from the Southern District of Texas, Defendant's wife, although not charged, was identified as involved in the underlying drug trafficking conduct in 2000 that resulted in Defendant's conviction. From the Court's perspective, this property does not provide sufficient

ORDER DENYING DEFENDANT'S MOTION TO REOPEN DETENTION HEARING - 4

incentive for Defendant to stay in the community and address the charges against him.

The Court finds a preponderance of the evidence remains that there are no conditions or combination of conditions other than detention that will reasonably assure the appearance of Defendant as required, and furthermore by clear and convincing evidence there are no conditions or combination of conditions other than detention that will ensure the safety of the community.

**IT IS ORDERED:**

1. Defendant's Motion to Reopen Detention Hearing (**ECF No. 87**) is **DENIED**. Defendant shall remain held in detention pending disposition of this case or until further order of the Court.

2. If a party seeks review of this Order by another court pursuant to 18 U.S.C. § 3145(b), counsel shall adhere to the Detention Order Review Protocol found in LCrR 46(k).

DATED November 9, 2021.

*s/Mary K. Dimke*
MARY K. DIMKE
UNITED STATES MAGISTRATE JUDGE
